**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 05 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**BOBBIE S. CROSS**                                                                                          **PLAINTIFF**

VS.                                      NO. 4:17cv800-BSM

This case assigned to District Judge _Miller_
and to Magistrate Judge _Deere_

**WALGREEN CO.;**
**WALGREENS STORE #15792; and**
**BUREAU D'ELECTRONIQUE APPLIQUEE**
**(B.E.A.) INC, d/b/a DOOR CONTROL SERVICES, INC.**          **DEFENDANTS**

### NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, separate defendants

Walgreen Co. and Walgreens Store #15792 (which is not a separate legal entity, but

a fictitious name under which Walgreen Co. conducts a retail business operation)

(collectively "Separate Defendants"), hereby give notice of the removal of this

action from the Circuit Court of Pulaski County, Arkansas, to the United

States District Court for the Eastern District of Arkansas, Western Division.

Removal jurisdiction is based on the following:

1.      This lawsuit is a civil action within the meaning of the Acts of

Congress relating to the removal of cases.

2.      This case, styled *Bobbie S. Cross v. Walgreen co.; Walgreens Store*

*#15792; and Bureau d'Electronique Appliquee (B.E.A.) Inc, d/b/a Door Control*

*Services, Inc.*, was filed on November 14, 2017 in the Circuit Court of Pulaski

County, Arkansas, as civil action number 60 CV-17-6625 on the docket of that

Court.

3.     Separate Defendants were served with service of process on November 16, 2017. This Notice of Removal is filed within thirty (30) days (or the first filing day thereafter) of the first delivery of a summons and complaint to defendant or its agent for service.

4.     Attached hereto collectively as Exhibit 1 are copies of the summons and complaint served on Separate Defendants, these constituting all the process and pleadings that have been delivered to the Separate Defendants.

5.     Separate Defendants filed their answers to plaintiff's complaint in the Circuit Court of Pulaski County on December 5, 2017. Copies of the answers are attached hereto collectively as Exhibit 2.

6.     This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Eastern District of Arkansas, Western Division is based on 28 U.S.C. § 1332.

7.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

8.     Plaintiff is a resident and citizen of the State of Arkansas. *See* Complaint at ¶ 1.

9.     As alleged in the complaint, Walgreen Co. is a corporation foreign to the State of Arkansas. *See* Complaint at ¶ 2. Walgreen Co. is incorporated under the laws of, and maintains its principle place of business in, the State of

Illinois. Accordingly, Walgreen Co. is considered a citizen of the State of Illinois for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

10.     Walgreens Store #15792 is a fictitious name under which Walgreen Co. conducts business. *See* Exhibit 3, Arkansas Secretary of State Website listing of fictitious names for Walgreen Co. Accordingly, Walgreens Store #15792 is not a separate legal entity individually subject to suit, but a wholly owned retail business operation of Walgreen Co. As such, Walgreens Store #15792 is not properly named as a separate party defendant. However, to the extent Walgreens Store #15792 is properly named as a separate party defendant, it is part of a corporation foreign to the State of Arkansas (*See* Complaint at ¶ 2) and which is incorporated under the laws of, and maintains its principle place of business in, the State of Illinois. *See* 28 U.S.C. § 1332(c)(1).

11.     The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

12.     In accordance with 28 U.S.C. § 1446(d), Separate Defendants will file a file-marked copy of this notice of removal with the Circuit Clerk of Pulaski County, Arkansas.

13.     Undersigned counsel states that this removal is well-grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, separate defendants Walgreen Co. and Walgreens Store #15792 hereby remove this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division and seek resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By _____
Kyle R. Wilson (89118)
*Attorneys for Separate Defendants*
*Walgreen Co. and Walgreens Store*
*#15792*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel of record:

Nader Afsordeh
THE LAW OFFICES OF PETER MILLER
1601 Broadway
Little Rock, Arkansas 72206
*nafsordeh@petermillerlaw.com*

_____
Kyle R. Wilson

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14  13:37:45
60CV-17-6625
C06D09 : 7 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**_____ DIVISION**

BOBBIE S. CROSS                                        **PLAINTIFF**

    **v.**                          **NO. CV 2017-_____**

WALGREEN CO.;
WALGREENS STORE #15792; and
BUREAU D'ELECTRONIQUE APPLIQUEE
(B.E.A.) INC. d/b/a/ DOOR CONTROL SERVICES, INC.        **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, BOBBIE S. CROSS, by and through her attorneys, The

Law Offices of Peter Miller, P.A., and for her cause of action against the Defendants,

WALGREEN CO., an Illinois business corporation, WALGREENS STORE #15792, an

Arkansas location, and BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A.) INC.,

d/b/a/ DOOR CONTROL SERVICES, INC., a foreign corporation, states and alleges as

follows:

1. The Plaintiff is a resident of Little Rock, Pulaski County, Arkansas, and was at

the time of the personal injuries complained of and set forth in this Complaint.

2. The Defendant WALGREEN CO., is an Illinois business corporation doing

business in Pulaski County, Arkansas, with places of business located in Pulaski

County, Arkansas, and may be served with process by serving its registered agent for

service of process, The Prentice-Hall Corporation System, 300 Spring Building, Suite

900, 300 S. Spring St., Little Rock, AR 72201.

3. The Defendant WALGREENS STORE #15792, is an individual Walgreen

Company Store located at 8815 Stagecoach Road, Little Rock, Arkansas 72210, doing



EXHIBIT
_____1_____

business in Pulaski County, Arkansas, and may be served with process by serving its registered agent for service of process, The Prentice-Hall Corporation System, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

4.The Defendant BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A.) INC, d/b/a DOOR CONTROL SERVICES, INC., is a foreign corporation doing business in Pulaski County, Arkansas, and may be served with process by serving its registered agent for service of process, Door Control Services Inc., 321 VZ County Road 4500, Ben Wheeler, TX 75754.

5. The personal injuries complained of and set forth in this Complaint at Law occurred and took place in Little Rock, Pulaski County, Arkansas.

6. This Court has jurisdiction over the parties and subject matter herein, and venue is proper. The amount in controversy exceeds the minimum amount required for jurisdiction in federal court.

## FACTS

7. On or about February 1, 2017, Plaintiff was an admitted business invitee of Defendant Walgreen Co. & Walgreens Store #15792, at their store in Little Rock, Pulaski County, Arkansas on Stagecoach Road, and as a business invitee of the Defendants, was upon the premises controlled, maintained, operated, and possessed by Defendants Walgreen Co., and Walgreens Store #15792 (hereinafter referred to collectively as "Walgreens").

8. On or about that on or about February 1, 2017, while Plaintiff was upon the premises of the Defendants Walgreens, she entered the store in the normal and customary manner when she fell with great force and violence due to the automatic

2

door closing upon her while she was within the doorway.  Upon information and belief,
the automatic door closed upon Plaintiff because it was not properly maintained, not
properly serviced, not properly inspected, not properly calibrated, and defective.

9.  At all times relevant herein, the automatic door was under the custody and
control of Defendants Walgreens.  That upon information and belief, at all times
relevant herein, Defendants Walgreens., had an agreement with Defendant Bureau
D'Electronique Appliquee (B.E.A.) Inc., d/b/a/ Door Control Services, Inc. "herein
after referred to as Defendant Door Control Services," for the maintenance, inspection,
and repair of the automatic doors.

10.  That as a result of Plaintiff being stuck by the automatic door at Defendants
Walgreens premises, Plaintiff suffered serious bodily injury.

11.  All of the Defendants had the duty to properly inspect, maintain, and repair
the automatic doors in question.

12.  The malfunction of the automatic doors and Plaintiff's injuries were directly
and proximately caused by the negligence of the Defendants in their failure to properly
inspect, maintain, and repair the automatic doors.

## NEGLIGENCE OF DEFENDANTS WALGREENS

13.  Plaintiff, Bobbie Cross, hereby incorporates by reference all of the above
paragraphs as though fully set forth herein.

14.  The Plaintiff states her personal injuries and damages were due to the
careless, intentional, negligent, willful, and unlawful acts on the part of Defendants
Walgreens., which were as follows:

a.      The Defendants carelessly, negligently, and willfully failed to maintain,
service, and inspect the automatic door, entryway, opening and closing

3

mechanism of the automatic door, and sensors of the automatic door, on the premises controlled, maintained and operated by the Defendants, and that the malfunction of the automatic door, entryway, opening and closing mechanism of the automatic door, and/or the sensors of the automatic door caused the Plaintiff to fall with great force and violence.

b.      The Defendants carelessly, negligently, and willfully failed to put out warnings to alert the Plaintiff of the potential of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and closing the automatic door on Plaintiff.

c.      The Defendants carelessly and negligently failed to use ordinary care to maintain its automatic door, entryway, opening and closing mechanism of the automatic door, sensors of the automatic door, and premises in a reasonably safe condition.

d.      The Defendants carelessly and negligently failed to warn its business invitees and patrons, and more particularly, the Plaintiff, of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and knew, or reasonably should have known, that the failure to warn the Plaintiff would result in her injuries and damages as hereinafter set out.

15. Defendants Walgreens' careless, intentional, negligent, willful, and unlawful

acts were a direct and proximate cause of Plaintiff's injuries and damages.

## NEGLIGENCE OF DEFENDANT DOOR CONTROL SERVICES INC.

16. Plaintiff, Bobbie Cross, hereby incorporates by reference all of the above

paragraphs as though fully set forth herein.

17. The injuries and damages to Plaintiff were directly and proximately caused

by the negligence of Defendant Door Control Services, Inc., in the follow respects:

a.      The Defendant Door Control Services, Inc., carelessly, negligently, and willfully failed to maintain, service, and inspect the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door, and that the malfunctioning of the automatic door, entryway, opening and closing mechanism of the automatic door, and/or the sensors of the automatic door caused the Plaintiff to fall with great force and violence.

4

b.      The Defendant Door Control Services, Inc., carelessly, negligently, and willfully failed to put out warnings to alert the Plaintiff of the potential of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and closing on Plaintiff.

c.      The Defendant Door Control Services, Inc., carelessly and negligently failed to use ordinary care to maintain the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door in a reasonably safe condition.

d.      The Defendant Door Control Services, Inc., carelessly and negligently failed to warn Defendant Walgreen Co., and Defendant Walgreen Co's business invitees and patrons, and more particularly, the Plaintiff, of the malfunctioning of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door, and knew or reasonably should have known that the failure to warn the Plaintiff, would result in her injuries and damages as hereinafter set out.

18. Defendant Door Control Services, Inc.'s careless, intentional, negligent, willful, and unlawful acts were a direct and proximate cause of Plaintiff's injuries and damages.

19. On said date an implied contract existed between the Defendants and the Plaintiff to safeguard and protect the Plaintiff from injuries and that by reason of the Plaintiff's injuries the Defendants breached its implied contract with the Plaintiff.

20. The aforesaid acts on the part of the Defendants were the proximate cause of the injuries and damages as hereinafter set out and were occasioned by no fault on the part of the Plaintiff.

21. When the Plaintiff fell, she struck the ground with great force and violence, and that the bones, muscles, flesh, and nerves in and about her face, head, neck, shoulders, and hip were injured. Plaintiff suffered injuries including, but not limited to a brain bleed, cracked skull, loss of cognitive functioning, and psychological injuries

5

all of which resulted in great pain and anguish, both mental and physical. The Plaintiff's injuries are permanent all to her great damage.

22. By reason of the personal injuries sustained by the Plaintiff, she has been caused to be under the care of physicians and other health service providers, and has been required to incur expenses for her medical care, including but not limited to medical physicians, hospitals, physical therapy, specialized nursing, medicines and treatments. These charges were reasonable and were the usual and customary charges made for such services at the time said expenses were incurred. The Plaintiff states that as a result of the injuries sustained by her, there is a reasonable probability she will require future medical care and treatment, and will continue to incur future and necessary expenses for her medical care and treatment.

23. By reason of Plaintiff's injuries as herein above set out, both past and future, pain and suffering, both mental and physical, past and future, medical physicians, hospital, physical therapy, medicine expenses, specialized nursing, both past and future, she is entitled to recover of and from the Defendants an amount in excess of the jurisdictional limits of this court in a sum to be determined by a jury exclusive of interest and costs.

24. The Plaintiff states the careless, intentional, negligent, willful and unlawful acts of the Defendants, as herein above set out, showed an utter indifference to or conscious disregard for the safety of others, which the Defendants knew or ought to have known in light of surrounding circumstances, would naturally and probably result ill harm, injuries and damage, and that such conduct was committed in reckless disregard of the consequences and that by reason thereof, the Plaintiff is entitled to

6

have and recover from the Defendants punitive damages in the amount in excess of the jurisdictional limits of this court in a sum to be determined by a jury exclusive of interest and costs.

25. Plaintiff demands a jury trial.

WHEREFORE, premises considered, the Plaintiff prays she have and recover judgment of and from the Defendants in a sum to be determined by a jury in an amount in excess of the jurisdictional limits of this court in a sum to be determined by the jury exclusive of interest and costs, and for all other and further relief to which she may be entitled.

Respectfully submitted,

PLAINTIFF BOBBIE S. CROSS
THE LAW OFFICES OF PETER A. MILLER
1601 Broadway
Little Rock, Arkansas 72206
PH:   (501) 374-6300
FAX: (501) 374-1244
nafsordeh@petermillerlaw.com

By: _____
Nader Afsordeh
Ark. Bar No. 2010253

7

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MARY S. MCGOWAN - 9TH DIVISION 6TH CIRCUIT

BOBBIE S CROSS V WALGREEN CO ET AL

60CV-17-6625

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

  WALGREEN COMPANY
300 Spring Building
Suite 900
300 S. Spring Street
Little Rock, AR  72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

LAW OFFICES OF PETER MILLER
NADER AFSORDEH
1601 BROADWAY
Little Rock, AR  72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Address of Clerks Office

CLERK OF COURT

LARRY CRANE, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR 72201

TIMOTHY BRYANT, DC

Date: 11/14/2017

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 11/14/2017

No. 60CV-17-6625 This summons is for   WALGREEN COMPANY (name of Defendant).

## PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                            By: _____
                            [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]


                               _____
                               [Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____


                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MARY S. MCGOWAN - 9TH DIVISION 6TH CIRCUIT

BOBBIE S CROSS V WALGREEN CO ET AL

60CV-17-6625

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

WALGREENS STORE #15792
8815 Stagecoach Road
Little Rock, AR  72210

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

LAW OFFICES OF PETER MILLER
NADER AFSORDEH
1601 BROADWAY
Little Rock, AR  72206

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

TIMOTHY BRYANT, DC

Date: 11/14/2017

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 11/14/2017

No. 60CV-17-6625 This summons is for   WALGREENS STORE #15792 (name of Defendant).

## PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____      By: _____
                           [Signature of server]


                           _____
                           [Printed name]

Address: _____
         _____

Phone: _____

Subscribed and sworn to before me this date: _____


                           _____
                           Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____
_____

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MARY S. MCGOWAN - 9TH DIVISION 6TH CIRCUIT

BOBBIE S CROSS V WALGREEN CO ET AL

60CV-17-6625

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

  BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A) INC., D/B/A DOOR CON
321 VZ County Road 4500
Ben Wheeler, TX  75754

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

LAW OFFICES OF PETER MILLER
NADER AFSORDEH
1601 BROADWAY
Little Rock, AR  72206

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

TIMOTHY BRYANT, DC

Date: 11/14/2017

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 11/14/2017

No. 60CV-17-6625 This summons is for   BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A) INC., D/B/A DOOR CON (name of Defendant).

PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____       By: _____
                            [Signature of server]


                            _____
                            [Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____


                            _____
                            Notary Public

My commission expires: _____

Additional information regarding service or attempted service:
_____
_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Dec-05 10:03:39
60CV-17-6625
C06D09 : 10 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## NINTH DIVISION

BOBBIE S. CROSS                                      **PLAINTIFF**

VS.                         **CASE NO. 60CV-17-6625**

WALGREEN CO.;
WALGREENS STORE #15792; and
BUREAU D'ELECTRONIQUE APPLIQUEE
(B.E.A.) INC, d/b/a DOOR CONTROL SERVICES, INC.           **DEFENDANTS**

### ANSWER WITH AFFIRMATIVE DEFENSES OF
### SEPARATE DEFENDANT WALGREEN CO.
### AND WALGREENS STORE #15792

Separate defendants Walgreen Co. and Walgreens Store #15792 (which is not

a separate legal entity, but a fictitious name under which Walgreen Co. conducts a

retail business operation) (hereinafter collectively referred to herein as

"Defendants"), by and through counsel Wright, Lindsey & Jennings LLP, submit the

following as their answer to the plaintiff's complaint:

1.      Defendants do not have sufficient information to admit or deny the

allegations in paragraph 1 of plaintiff's complaint and, therefore, deny these

allegations.

2.      To the extent alleged in paragraph 2 of plaintiff's complaint,

defendants admit that Walgreen Co. is a corporation organized and existing under

the laws of the State of Illinois, that its agent for service of process is The Prentice-

Hall Corporation System, and that it is authorized and does conduct business in the

EXHIBIT
2

State of Arkansas. Defendants state affirmatively that the principal place of business of Walgreen Co. is in the State of Illinois.

3. To the extent alleged in paragraph 3 of plaintiff's complaint, defendants admit that Walgreen Co. operates a retail store, under the fictitious name Walgreens Store #15792 ("Store #15792") at 8815 Stagecoach Road in Little Rock, Arkansas. Defendants deny that Store #15792 is a separate legal entity individually subject to suit, to the extent alleged in paragraph 3 of plaintiff's complaint, and deny the remaining allegations in paragraph 3 of plaintiff's complaint.

4. The allegations in paragraph 4 of plaintiff's complaint are directed to parties other than defendants. Accordingly, no response for the defendants is required. To the extent any allegation in paragraph 4 of plaintiff's complaint states or implies liability on the part of defendants, either direct or vicarious, such allegation is denied.

5. Defendants do not have sufficient information to admit or deny the allegations in paragraph 5 of plaintiff's complaint and, therefore, deny these allegations.

6. To the extent alleged in paragraph 6 of plaintiff's complaint, defendants admit that the Circuit of Pulaski County, Arkansas has subject matter jurisdiction over the claims asserted by plaintiff. Defendants deny the remaining allegations in paragraph 6 of plaintiff's complaint.

2

7.    With regard to paragraph 7 of plaintiff's complaint, defendants affirmatively state that the term "admitted business invitee" is without a generally accepted definition.  Accordingly, defendants do not have sufficient information to admit or deny this allegation and, therefore, deny it.  Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 7 of plaintiff's complaint and, therefore, deny these allegations.

8.    To the extent alleged in paragraph 8 of plaintiff's complaint, defendants admit that on February 1, 2017, plaintiff fell while on the premises of the retail business operated by Walgreen Co., specifically Store #15792 located at 8815 Stagecoach Road in Little Rock, Arkansas.  Defendants deny the remaining allegations in paragraph 8 of plaintiff's complaint.

9.    Defendants admit the allegations in paragraph 9 of plaintiff's complaint.

10.    Defendants deny the allegations in paragraph 10 of plaintiff's complaint.

11.    Defendants deny the allegations in paragraph 11 of plaintiff's complaint.

12.    Defendants deny the allegations in paragraph 12 of plaintiff's complaint.

13.    In response to paragraph 13 of plaintiff's complaint, defendants adopt and incorporate herein paragraphs 1-12 above.

14.    Defendants deny the allegations in paragraph 14 of plaintiff's complaint, inclusive of sub-parts (a)-(d).

15.    Defendants deny the allegations in paragraph 15 of plaintiff's complaint.

16.    In response to paragraph 16 of plaintiff's complaint, defendants adopt and incorporate herein paragraphs 1-15 above.

17.    The allegations in paragraph 17 of plaintiff's complaint, inclusive of sub-parts (a)-(d), are directed to parties other than defendants.  Accordingly, no response for defendants is required.  To the extent any allegation in paragraph 17 of plaintiff's complaint, inclusive of sub-parts (a)-(d), states or implies liability on the part of defendants, either direct or vicarious, such allegation is denied.

18.    The allegations in paragraph 18 of plaintiff's complaint are directed to parties other than defendants.  Accordingly, no response for the defendants is required.  To the extent any allegation in paragraph 18 of plaintiff's complaint states or implies liability on the part of defendants, either direct or vicarious, such allegation is denied.

19.    Defendants deny the allegations in paragraph 19 of plaintiff's complaint.

20.    Defendants deny the allegations in paragraph 20 of plaintiff's complaint.

21.     Defendants do not have sufficient information to admit or deny the allegations in paragraph 21 of plaintiff's complaint and, therefore, deny these allegations.

22.     Defendants do not have sufficient information to admit or deny the allegations in paragraph 22 of plaintiff's complaint and, therefore, deny these allegations.

23.     Defendants deny the allegations in paragraph 23 of plaintiff's complaint.

24.     Defendants deny the allegations in paragraph 24 of plaintiff's complaint.

25.     Defendants deny the allegations and claims for relief and damages set forth in the prayer for relief in plaintiff's complaint, which is the paragraph beginning with the word "**WHEREFORE.**"

26.     Defendants generally and specifically deny all material allegations in the plaintiff's complaint not specifically admitted in this answer.

27.     Defendants state affirmatively that separate defendant Walgreens Store #15792 is a fictitious name under which Walgreen Co. conducts business and that Walgreens Store #15792 is not a separate legal entity, but a wholly owned retail business operation of Walgreen Co. As such, Walgreens Store #15792 is not properly named as a separate party defendant. Accordingly, defendants state affirmatively that separate defendant Walgreens Store #15792 is not individually

5

subject to suit and its inclusion in this lawsuit does not defeat diversity in this matter.

28.     Defendants affirmatively plead all defenses available pursuant to Ark. R. Civ. P. 8(c) and Fed. R. Civ. P. 8(c).

29.     Defendants affirmatively plead all defenses available, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, *et seq.*) to the extent applicable.

30.     Defendants affirmatively plead that any injuries or damages sustained by plaintiff proximately resulted from her own fault.

31.     Defendants affirmatively plead that any injuries or damages sustained by plaintiff proximately resulted from the fault of others for whom defendants have no responsibility or legal liability and move for the apportionment of fault pursuant to Ark. Code Ann. § 16-61-201 *et seq.*

32.     Defendants affirmatively plead that plaintiff's complaint fails to state facts upon which relief can be granted which subjects plaintiff's complaint to dismissal pursuant to Ark. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(6).

33.     Defendants affirmatively plead that plaintiff has stated causes of action to which defendants are entitled to judgment on the pleadings pursuant to Ark. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(c).

34.     Defendants affirmatively plead that plaintiff has stated causes of action to which defendants are entitled to a judgment as a matter of law.

1554865-v1

35.     Defendants affirmatively plead that, at all times relevant to the events at issue in plaintiff's complaint, ordinary care was exercised to maintain the premises at issue in a reasonably safe condition.

36.     Defendants state affirmatively that plaintiff's complaint is subject to dismissal pursuant to Ark. R. Civ. P. 4(b), 4(c) and 12(b) and Fed. R. Civ. P. 4(b) and 12(b).

37.     Defendants state affirmatively that plaintiff has failed to cause sufficient process to be sufficiently served on defendants in strict compliance with the mandates of Ark. R. Civ. 4(b) & 4(c), thus depriving this Court of jurisdiction.

38.     Defendants affirmatively plead that the imposition of punitive or exemplary damages against them would violate their constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Arkansas constitution and/or the common law and public policies in Arkansas, and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to, the following reasons:

a.     imposition of such punitive or exemplary damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive or exemplary damages award, (2) is not adequately and clearly instructed on the limits on punitive or exemplary damages

7

imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or states of residence of defendants, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental states which makes punitive and exemplary damages permissible, and (5) is not subject to trial court appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

   b.     imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable states law is impermissibly vague, imprecise, or inconsistent;

   c.     imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

   d.     imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive and exemplary damages issues only if and after the liability of defendants has all has been found on the merits;

   e.     imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under states law subject to no predetermined

8

limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

      f.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof may subject defendants to impermissible multiple punishment for the same alleged wrong.

      39.      Defendants request that the trial of this matter be bifurcated as to the issues of compensatory and punitive damages pursuant to the Civil Justice Reform Act of 2003, Ark. Code Ann. §§ 16-55-201 *et seq*.

      40.      Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery herein and, thus, reserve the right to amend this answer to assert any such defenses prior to trial.

      41.      Defendants reserve the right to file an amended answer, counter-claim or third party complaint.

      42.      Defendants demand a trial by jury on all issues of fact arising herein.

WHEREFORE, separate defendants Walgreen Co. and Walgreens Store #15792 pray that plaintiff's complaint will be dismissed and that it will be awarded all just and proper relief, including costs and attorney's fees.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: kwilson@wlj.com

By _____
Kyle R. Wilson (89118)
*Attorneys for Separate Defendants*
*Walgreen Co. and Walgreens Store #15792*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel of record:

Nader Afsordeh
THE LAW OFFICES OF PETER MILLER
1601 Broadway
Little Rock, Arkansas 72206
*nafsordeh@petermillerlaw.com*

_____
Kyle R. Wilson

10

1554865-v1



ARKANSAS
## SECRETARY OF STATE
*Mark Martin*

*Search Incorporations, Cooperatives, Banks and Insurance Companies*

Printer Friendly Version
LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALGREEN CO. |
| Fictitious Names | COMMUNITY A WALGREENS PHARMACY |
| | COMMUNITY, A WALGREENS PHARMACY #16545 |
| | IKE'S A WALGREENS PHARMACY |
| | WALGREENS |
| | WALGREENS # 12670 |
| | WALGREENS ##11288 |
| | WALGREENS #01952 |
| | WALGREENS #02364 |
| | WALGREENS #02458 |
| | WALGREENS #02504 |
| | WALGREENS #02774 |
| | WALGREENS #03411 |
| | WALGREENS #03412 |
| | WALGREENS #03413 |
| | WALGREENS #03416 |
| | WALGREENS #03425 |
| | WALGREENS #03473 |
| | WALGREENS #03504 |
| | WALGREENS #03505 |
| | WALGREENS #03571 |
| | WALGREENS #03594 |
| | WALGREENS #03598 |
| | WALGREENS #03634 |
| | WALGREENS #04017 |
| | WALGREENS #04551 |
| | WALGREENS #04794 |
| | WALGREENS #04974 |
| | WALGREENS #05041 |
| | WALGREENS #05237 |
| | WALGREENS #05260 |
| | WALGREENS #05475 |
| | WALGREENS #05535 |
| | WALGREENS #05730 |
| | WALGREENS #05789 |
| | WALGREENS #05894 |
| | WALGREENS #05993 |
| | WALGREENS #06037 |
| | WALGREENS #06195 |
| | WALGREENS #06336 |
| | WALGREENS #06525 |
| | WALGREENS #06959 |
| | WALGREENS #07234 |
| | WALGREENS #07235 |
| | WALGREENS #07283 |
| | WALGREENS #07284 |
| | WALGREENS #07718 |
| | WALGREENS #07847 |
| | WALGREENS #07889 |
| | WALGREENS #09467 |
| | WALGREENS #09593 |
| | WALGREENS #09594 |
| | WALGREENS #09624 |
| | WALGREENS #09743 |
| | WALGREENS #09766 |
| | WALGREENS #09813 |
| | WALGREENS #09880 |

EXHIBIT
tabbies
3

WALGREENS #10153
WALGREENS #10170
WALGREENS #10198
WALGREENS #10198
WALGREENS #10240
WALGREENS #10364
WALGREENS #10643
WALGREENS #10715
WALGREENS #10897
WALGREENS #11161
WALGREENS #11344
WALGREENS #11345
WALGREENS #11781
WALGREENS #11933
WALGREENS #11988
WALGREENS #12384
WALGREENS #12417
WALGREENS #12418
WALGREENS #12738
WALGREENS #13118
WALGREENS #13811
WALGREENS #15243
WALGREENS #15317
WALGREENS #15361
WALGREENS #15702
WALGREENS #15703
WALGREENS #15714
WALGREENS #15721
WALGREENS #15788
WALGREENS #15789
WALGREENS #15790
WALGREENS #15791
WALGREENS #15792
WALGREENS #15793
WALGREENS #15794
WALGREENS #15797
WALGREENS #15817
WALGREENS #15819
WALGREENS #15830
WALGREENS #15852
WALGREENS #16021
WASLGREENS #09144

| | |
|---|---|
| Filing # | 100067589 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | THE PRENTICE-HALL CORPORATION SYSTEM, ARKANSAS |
| Agent Address | 300 SPRING BUILDING, SUITE 900<br>300 S. SPRING STREET<br>LITTLE ROCK, AR 72201 |
| Date Filed | 12/10/1958 |
| Officers | SEE FILE, Incorporator/Organizer<br>AMELIA LEGUTKI , Tax Preparer<br>ALEXANDER W. GOURLAY , President<br>COLLIN SMYSER , Secretary<br>BRADLEY M. FLUEGEL , Vice-President<br>ALAN NIELSEN , Treasurer |
| Foreign Name | N/A |
| Foreign Address | 4300 PETERSON AVE., (200,000,000 COM $1.25)<br>CHICAGO, |
| State of Origin | IL |

**Purchase a Certificate of Good Standing for this Entity**          **Pay Franchise Tax for this corporation**