ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Nov-14 13:37:45
60CV-17-6625
C06D09 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

BOBBIE S. CROSS                                                             PLAINTIFF

v.                    NO. CV 2017-_____

WALGREEN CO.;
WALGREENS STORE #15792; and
BUREAU D'ELECTRONIQUE APPLIQUEE
(B.E.A.) INC. d/b/a/ DOOR CONTROL SERVICES, INC.          DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, BOBBIE S. CROSS, by and through her attorneys, The Law Offices of Peter Miller, P.A., and for her cause of action against the Defendants, WALGREEN CO., an Illinois business corporation, WALGREENS STORE #15792, an Arkansas location, and BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A.) INC., d/b/a/ DOOR CONTROL SERVICES, INC., a foreign corporation, states and alleges as follows:

1. The Plaintiff is a resident of Little Rock, Pulaski County, Arkansas, and was at the time of the personal injuries complained of and set forth in this Complaint.

2. The Defendant WALGREEN CO., is an Illinois business corporation doing business in Pulaski County, Arkansas, with places of business located in Pulaski County, Arkansas, and may be served with process by serving its registered agent for service of process, The Prentice-Hall Corporation System, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

3. The Defendant WALGREENS STORE #15792, is an individual Walgreen Company Store located at 8815 Stagecoach Road, Little Rock, Arkansas 72210, doing

1


EXHIBIT 1

business in Pulaski County, Arkansas, and may be served with process by serving its registered agent for service of process, The Prentice-Hall Corporation System, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

4. The Defendant BUREAU D'ELECTRONIQUE APPLIQUEE (B.E.A.) INC, d/b/a DOOR CONTROL SERVICES, INC., is a foreign corporation doing business in Pulaski County, Arkansas, and may be served with process by serving its registered agent for service of process, Door Control Services Inc., 321 VZ County Road 4500, Ben Wheeler, TX 75754.

5. The personal injuries complained of and set forth in this Complaint at Law occurred and took place in Little Rock, Pulaski County, Arkansas.

6. This Court has jurisdiction over the parties and subject matter herein, and venue is proper. The amount in controversy exceeds the minimum amount required for jurisdiction in federal court.

## FACTS

7. On or about February 1, 2017, Plaintiff was an admitted business invitee of Defendant Walgreen Co. & Walgreens Store #15792, at their store in Little Rock, Pulaski County, Arkansas on Stagecoach Road, and as a business invitee of the Defendants, was upon the premises controlled, maintained, operated, and possessed by Defendants Walgreen Co., and Walgreens Store #15792 (hereinafter referred to collectively as "Walgreens").

8. On or about that on or about February 1, 2017, while Plaintiff was upon the premises of the Defendants Walgreens, she entered the store in the normal and customary manner when she fell with great force and violence due to the automatic

2

door closing upon her while she was within the doorway. Upon information and belief, the automatic door closed upon Plaintiff because it was not properly maintained, not properly serviced, not properly inspected, not properly calibrated, and defective.

9. At all times relevant herein, the automatic door was under the custody and control of Defendants Walgreens. That upon information and belief, at all times relevant herein, Defendants Walgreens., had an agreement with Defendant Bureau D'Electronique Appliquee (B.E.A.) Inc., d/b/a/ Door Control Services, Inc. "herein after referred to as Defendant Door Control Services," for the maintenance, inspection, and repair of the automatic doors.

10. That as a result of Plaintiff being stuck by the automatic door at Defendants Walgreens premises, Plaintiff suffered serious bodily injury.

11. All of the Defendants had the duty to properly inspect, maintain, and repair the automatic doors in question.

12. The malfunction of the automatic doors and Plaintiff's injuries were directly and proximately caused by the negligence of the Defendants in their failure to properly inspect, maintain, and repair the automatic doors.

### NEGLIGENCE OF DEFENDANTS WALGREENS

13. Plaintiff, Bobbie Cross, hereby incorporates by reference all of the above paragraphs as though fully set forth herein.

14. The Plaintiff states her personal injuries and damages were due to the careless, intentional, negligent, willful, and unlawful acts on the part of Defendants Walgreens., which were as follows:

    a.    The Defendants carelessly, negligently, and willfully failed to maintain, service, and inspect the automatic door, entryway, opening and closing

3

mechanism of the automatic door, and sensors of the automatic door, on the premises controlled, maintained and operated by the Defendants, and that the malfunction of the automatic door, entryway, opening and closing mechanism of the automatic door, and/or the sensors of the automatic door caused the Plaintiff to fall with great force and violence.

b. The Defendants carelessly, negligently, and willfully failed to put out warnings to alert the Plaintiff of the potential of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and closing the automatic door on Plaintiff.

c. The Defendants carelessly and negligently failed to use ordinary care to maintain its automatic door, entryway, opening and closing mechanism of the automatic door, sensors of the automatic door, and premises in a reasonably safe condition.

d. The Defendants carelessly and negligently failed to warn its business invitees and patrons, and more particularly, the Plaintiff, of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and knew, or reasonably should have known, that the failure to warn the Plaintiff would result in her injuries and damages as hereinafter set out.

15. Defendants Walgreens' careless, intentional, negligent, willful, and unlawful acts were a direct and proximate cause of Plaintiff's injuries and damages.

**NEGLIGENCE OF DEFENDANT DOOR CONTROL SERVICES INC.**

16. Plaintiff, Bobbie Cross, hereby incorporates by reference all of the above paragraphs as though fully set forth herein.

17. The injuries and damages to Plaintiff were directly and proximately caused by the negligence of Defendant Door Control Services, Inc., in the follow respects:

a. The Defendant Door Control Services, Inc., carelessly, negligently, and willfully failed to maintain, service, and inspect the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door, and that the malfunctioning of the automatic door, entryway, opening and closing mechanism of the automatic door, and/or the sensors of the automatic door caused the Plaintiff to fall with great force and violence.

    b.     The Defendant Door Control Services, Inc., carelessly, negligently, and willfully failed to put out warnings to alert the Plaintiff of the potential of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door malfunctioning and closing on Plaintiff.

    c.     The Defendant Door Control Services, Inc., carelessly and negligently failed to use ordinary care to maintain the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door in a reasonably safe condition.

    d.     The Defendant Door Control Services, Inc., carelessly and negligently failed to warn Defendant Walgreen Co., and Defendant Walgreen Co's business invitees and patrons, and more particularly, the Plaintiff, of the malfunctioning of the automatic door, entryway, opening and closing mechanism of the automatic door, and sensors of the automatic door, and knew or reasonably should have known that the failure to warn the Plaintiff, would result in her injuries and damages as hereinafter set out.

18. Defendant Door Control Services, Inc.'s careless, intentional, negligent, willful, and unlawful acts were a direct and proximate cause of Plaintiff's injuries and damages.

19. On said date an implied contract existed between the Defendants and the Plaintiff to safeguard and protect the Plaintiff from injuries and that by reason of the Plaintiff's injuries the Defendants breached its implied contract with the Plaintiff.

20. The aforesaid acts on the part of the Defendants were the proximate cause of the injuries and damages as hereinafter set out and were occasioned by no fault on the part of the Plaintiff.

21. When the Plaintiff fell, she struck the ground with great force and violence, and that the bones, muscles, flesh, and nerves in and about her face, head, neck, shoulders, and hip were injured. Plaintiff suffered injuries including, but not limited to a brain bleed, cracked skull, loss of cognitive functioning, and psychological injuries

all of which resulted in great pain and anguish, both mental and physical. The Plaintiff's injuries are permanent all to her great damage.

22. By reason of the personal injuries sustained by the Plaintiff, she has been caused to be under the care of physicians and other health service providers, and has been required to incur expenses for her medical care, including but not limited to medical physicians, hospitals, physical therapy, specialized nursing, medicines and treatments. These charges were reasonable and were the usual and customary charges made for such services at the time said expenses were incurred. The Plaintiff states that as a result of the injuries sustained by her, there is a reasonable probability she will require future medical care and treatment, and will continue to incur future and necessary expenses for her medical care and treatment.

23. By reason of Plaintiff's injuries as herein above set out, both past and future, pain and suffering, both mental and physical, past and future, medical physicians, hospital, physical therapy, medicine expenses, specialized nursing, both past and future, she is entitled to recover of and from the Defendants an amount in excess of the jurisdictional limits of this court in a sum to be determined by a jury exclusive of interest and costs.

24. The Plaintiff states the careless, intentional, negligent, willful and unlawful acts of the Defendants, as herein above set out, showed an utter indifference to or conscious disregard for the safety of others, which the Defendants knew or ought to have known in light of surrounding circumstances, would naturally and probably result ill harm, injuries and damage, and that such conduct was committed in reckless disregard of the consequences and that by reason thereof, the Plaintiff is entitled to

have and recover from the Defendants punitive damages in the amount in excess of the jurisdictional limits of this court in a sum to be determined by a jury exclusive of interest and costs.

25. Plaintiff demands a jury trial.

WHEREFORE, premises considered, the Plaintiff prays she have and recover judgment of and from the Defendants in a sum to be determined by a jury in an amount in excess of the jurisdictional limits of this court in a sum to be determined by the jury exclusive of interest and costs, and for all other and further relief to which she may be entitled.

Respectfully submitted,

PLAINTIFF BOBBIE S. CROSS
THE LAW OFFICES OF PETER A. MILLER
1601 Broadway
Little Rock, Arkansas 72206
PH: (501) 374-6300
FAX: (501) 374-1244
nafsordeh@petermillerlaw.com

By: _____
Nader Afsordeh
Ark. Bar No. 2010253